

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-10-2008

# Sutardji v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2605

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sutardji v. Atty Gen USA" (2008). *2008 Decisions.* Paper 547.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/547

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2605
_____

RUSTAMAJI SUTARDJI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-260-080 )
Immigration Judge:  Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2008

Before: MCKEE, NYGAARD and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 10, 2008)
_____

OPINION
_____

PER CURIAM

Rustamaji Sutardji petitions for review of a final order of removal issued by the

Board of Immigration Appeals ("BIA").  For the reasons that follow, we will deny the

petition.

Sutardji, a Christian and native and citizen of Indonesia, entered the United States on December 5, 2000, as a B-2 non-immigrant visitor and was authorized to remain temporarily within the United States until June 4, 2001. On April 1, 2003, Petitioner was issued a Notice to Appear, which alleged that he was in the country without authorization. In response, he applied for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure.

At his hearing before the Immigration Judge ("IJ"), Sutardji voluntarily withdrew his untimely application for asylum. The IJ concluded that Sutardji had not satisfied the requirements for withholding of removal pursuant to § 241(b)(3)(A) or under the CAT, but the IJ did, however, grant his application for voluntary departure. On May 4, 2007, the Board of Immigration Appeals ("BIA") dismissed Sutardji's appeal.

We have jurisdiction to review the final order of removal. 8 U.S.C. § 1252(a)(1). Because the BIA issued a decision on the merits, we review only the BIA's, not the IJ's, decision. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). We will sustain the BIA's determinations if they are supported by substantial evidence in the record. Adbille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). Under the substantial evidence standard, we will uphold the determinations of the BIA "unless the evidence not only supports a contrary conclusion, but compels it." Id. at 483-84.

Sutardji argues that the BIA erred in concluding that he failed to establish eligibility for withholding of removal because it failed to consider whether there is a

2

pattern or practice of persecution against ethnic Chinese Christians in Indonesia. In order to establish that he is entitled to withholding of removal, Sutardji must demonstrate that it is more likely than not that he will be subject to persecution on account of race, religion, nationality, membership in a particular social group, or political opinion if he returned to Indonesia. 8 U.S.C. § 1231(b)(3)(A).

The BIA concluded, based on Sutardji's testimony and affidavit, that he failed to demonstrate a "clear probability" that he has a well-founded fear of future persecution. See Wang v. Gonzales, 405 F.3d 134, 139 (3d Cir. 2005); see also 8 U.S.C. § 1231(b)(3)(A).

> To establish a well-founded fear of future persecution an applicant must first demonstrate a subjective fear of persecution through credible testimony that [his] fear is genuine. Second, the applicant must show, objectively, that "a reasonable person in the alien's circumstances would fear persecution if returned to the country in question." To satisfy the objective prong, a petitioner must show [he] would be individually singled out for persecution or demonstrate that "there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant."

Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (citations omitted).

Upon review of the record, we conclude that there is substantial evidence to support the BIA's denial of withholding of removal. Sutardji testified that while residing in Indonesia he was robbed once. However, his testimony fails to describe the incident in any detail. Sutardji does not state whether he was hurt, who committed the robbery, or what was stolen. In an affidavit, which was admitted into evidence, Sutardji states that "wild" civilians "beat him up" and hit him in the eyes. He testified that these attacks

3

occurred in intervals from 1992 until 1997. Again, Sutardji fails to provide any details regarding who hit him, how often he was attacked, and what motivated the attacks. His affidavit also describes the general conditions that he experienced while residing in Indonesia, stating that people would ask him for money and give him a hard time. He also describes the riots in May 1998, and the general unrest in Indonesia, stating that he fears for his safety. Sutardji's affidavit states that several of his family members were attacked while he lived in Indonesia, and the church that he attended was burned down. Additionally, Sutardji testified that one of his siblings still resides in Indonesia, and that, with the exception of one "mugging," she has not suffered any harm. His parents also continue to live in Indonesia.

Persecution is defined as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Lie v. Ashcroft, 396 F.3d at 536 (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)). The BIA concluded that the incidents Sutardji testified regarding were insufficient to satisfy his burden of demonstrating a well-founded fear of future persecution. We agree.

The past incidents described by Sutardji do not rise to the level of persecution and do not support a presumption of future persecution. The fact that he has family members that continue to live safely in Indonesia provides substantial support for the BIA's finding that he has not established a clear probability of persecution on returning to Indonesia.

Because there is substantial evidence supporting the BIA's determination, we must uphold its ruling. Accordingly, we will deny Sutardji's petition for review.